Abraham J. Colman (SBN 146933)
acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
fyu@reedsmith.com
Raymond Y. Kim (SBN 251210)
rkim@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
SANTANDER CONSUMER USA, INC.

FILED
CLERK, U.S. DISTRICT COURT

JAN 1 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CV13-00227 MPP(NRWx)

CHARMAIN SYLVERS and TYAVA
WINBORNE, on behalf of themselves,
and all others similarly situated,

Plaintiffs,

vs.

SANTANDER CONSUMER USA, INC.,
an Illinois corporation; and DOES 1
through 20, inclusive,

Defendants.

CLASS ACTION

Case No.:

[Removal from Superior Court of
California, County of Los Angeles,
Case No. BC497222]

**NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1332
1441, AND 1446**

[Filed concurrently with
1. Notice of Interested Parties;
2. Notice of Related Cases;
3. Declaration of Erica Barton;
4. Corporate Disclosure Statement; and
5. Civil Case Cover Sheet.]

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1     PLEASE TAKE NOTICE that, pursuant to 28 United States Code §§

2  1332, 1441, and 1446, Defendant Santander Consumer USA, Inc. ("Santander")

3  hereby removes the above-entitled civil action from the Superior Court of the State of

4  California for the County of Los Angeles to the United States District Court for the

5  Central District of California – Western Division, and alleges as follows:

6     1.    On December 12, 2012, Plaintiffs Charmain Sylvers and Tyava

7  Winborne ("Plaintiffs") filed a putative class action complaint in the Superior Court of

8  the State of California for the County of Los Angeles entitled *Sylvers, et al. v.*

9  *Santander Consumer USA, Inc.*, bearing case number BC497222 in the records and

10  files of that Court (the "Complaint").

11     2.    On December 13, 2012, Plaintiffs served a copy of their Complaint

12  on Santander.  Accordingly, not more than 30 days have passed since Santander

13  received Plaintiffs' Complaint.  28 U.S.C. § 1446(b).

14     3.    In the Complaint, Plaintiffs allege that Santander violated

15  California Civil Code § 2983.2 by failing to include certain information in its post-

16  repossession Notice of Intention to Dispose of Vehicle.  Based on this allegation,

17  Plaintiffs asserts six causes of action:  (1) violation of the California Rees Levering

18  Act, ("Rees-Levering," the "Rees-Levering Act," or the "Act"), California Civil Code

19  § 2983.2; (2) conversion; (3) violation of the California Rosenthal Fair Debt

20  Collection Practices Act, Civil Code § 1788 *et seq.*; (4) declaratory relief; (5) violation

21  of the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a);

22  and (6) violation of the California Unfair Competition Law, Business and Professions

23  Code § 17200.

24     4.    Santander has not filed a responsive pleading to Plaintiffs'

25  Complaint in the Superior Court of California.[1]

26

27   _____

[1] Santander denies Plaintiff's allegations and denies that the NOI is defective or failed to comply with the Rees-Levering

28  Act or any other statutory requirements.

1    5.    Copies of all state court process, pleadings, and orders received

2  and/or filed by Santander are attached to this Notice as Exhibit "A" and incorporated

3  herein by this reference.

4    6.    This Court has subject matter jurisdiction over the instant action

5  because: (1) there is diversity of citizenship between Santander and the named

6  Plaintiffs; (2) the aggregate number of proposed plaintiffs is greater than 100; and (3)

7  the amount in controversy exceeds $5,000,000, exclusive of interests and costs, as set

8  forth below:

9  **Diversity of Citizenship**

10   7.    Santander is informed and believes, and on that basis alleges, that

11  at the commencement of this action, and at all times herein, Plaintiffs were, and now

12  are, citizens of the State of California and residents of Los Angeles County.   Compl.

13  ¶¶ 2-3.

14   8.    At the commencement of this action, and at all times herein,

15  Santander was, and now is an Illinois corporation and has its principal place of

16  business in Texas.  Compl. ¶ 4; Declaration of Erica Barton ("Barton Decl."), ¶ 2.

17  **Aggregate Number of Proposed Plaintiffs**

18   9.    Plaintiffs filed the Complaint on behalf of themselves and all other

19  persons similarly situated who, among other things, received from Santander a post-

20  repossession Notice of Intention to Dispose of Vehicle ("NOI") from July 11, 2011 to

21  the present and "who were assessed a deficiency balance."  Compl. ¶ 27.

22   10.    Based on Plaintiffs' proposed class definition, the aggregate

23  number of proposed plaintiffs is approximately twelve-thousand, six-hundred (12,600)

24  members.  Barton Decl. ¶ 6.

25  **Amount in Controversy**

26   11.    In the Complaint, Plaintiffs allege that Santander violated the

27  Rees-Levering Act because Santander did not include certain disclosures in its NOI.

28  Compl. ¶¶ 14-17.  Plaintiffs assert the Act requires that a creditor send a borrower an

- 2 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOI containing specific information following the repossession of the borrower's vehicle. *Id.* According to Plaintiffs, if the NOI does not strictly comply with the Act, then the borrower is not liable for paying the deficiency balance to the creditor.[2] *Id.* ¶ 16.

12.    Based on these allegations, Plaintiffs contend that Santander "may not lawfully seek or collect any deficiency balance from plaintiffs" and that Plaintiffs are entitled to restitution of all deficiency balances paid to Santander during the relevant period. *Id.* ¶¶ 18, 19, 23-24, 38, 58, 77.  In essence, Plaintiffs demand that Santander write-off the total outstanding deficiency balance, remove the deficiency balance from their credit reports, and refund the total amount of deficiencies collected from Plaintiffs and the putative class members. *Id.*  The total deficiency balance paid by the putative class members to Santander during the relevant period is approximately four-hundred and fifty-thousand dollars ($450,000).  Barton Decl. ¶ 6. The total outstanding deficiency balance is approximately seventy-four million dollars ($74,000,000). *Id.*

13.    Based on the amount of the total deficiency balance paid to Santander plus the total outstanding deficiency balance which Plaintiffs contend are uncollectible, the aggregate of the monetary and equitable damages sought by Plaintiffs exceed the jurisdictional amount of $5,000,000.  Plaintiffs further seek statutory damages under the Rosenthal Fair Debt Collection Practices Act of "$500,000 or 1% of each defendant's net worth, whichever is less," actual damages for alleged wrongful credit reporting and conversion, punitive damages, and attorneys' fees.

14.    The United States District Court for the Northern District of California has original jurisdiction under 28 U.S.C. § 1332 in that diversity of

---

[2] A "deficiency balance" is the difference between the amount obtained from the post-repossession sale of the vehicle and the remaining balance on the retail installment sale contract following the sale, if the vehicle sold for less than the amount the consumer owed on the contract.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

citizenship exists between the named Plaintiffs and Santander, the aggregate number of proposed plaintiffs is greater than 100, and the required amount in controversy exists in this civil action, which may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

15. The United States District Court for the Central District of California – Western Division is the proper division to where this matter should be assigned because Plaintiffs are citizen of the State of California, County of Los Angeles.

WHEREFORE, Santander files this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the United States District Court for the Central District of California – Western Division, located at located at 312 N. Spring Street, Los Angeles, California 90012.

WHEREFORE, Santander prays that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: January 11, 2013   REED SMITH LLP

By: _____
Raymond Y. Kim
Attorneys for Defendant
Santander Consumer USA, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
12/13/2012
CT Log Number 521783271

TO: Linda Watson
Santander Consumer USA
8585 North Stemmons Freeway, Suite 1100N
Dallas, TX 75247

RE: **Process Served in California**

FOR: Santander Consumer USA Inc. (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Charmain Sylvers and Tyava Winborne, on behalf of themselves, and all others similarly situated, Pltfs. vs. Santander Consumer USA, Inc., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Cover Sheet(s), Instructions, ADR Packets, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA Case # BC497222 |
| **NATURE OF ACTION:** | Rees-Levering Act and California's Unfair Competition Law - Defendant failed to provide conditional sales contracts with notice of their legal rights and obligations after vehicles are repossessed or voluntarily surrendered and unlawfully and falsely report deficiency balances to credit reporting agencies as past due debts |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/13/2012 at 17:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Brandon A. Block Law Offices of Brandon A. Block, APC 433 North Camden Drive Suite 600 Beverly Hills, CA 90210 310-887-1440 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/14/2012, Expected Purge Date: 12/19/2012 Image SOP Email Notification, Linda Watson linwatson@santanderconsumerusa.com Email Notification, Laurel Eby leby@santanderconsumerusa.com Email Notification, Kelly Shumake kshumake@santanderconsumerusa.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A PAGE 5

12/13 ⊕ ᵗ45ᵗ

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
SANTANDER CONSUMER USA, INC., an Illinois corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFFS:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARMAIN SYLVERS and TYAVA WINBORNE, on behalf of themselves, and all others similarly situated

**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 12 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, County of Los Angeles
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**BC 497222**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brandon A. Block, LAW OFFICES OF BRANDON A. BLOCK, APC
433 North Camden Drive, Suite 600, Beverly Hills, CA 90210
Tel: 310.887.1440

DATE: DEC 12 2012          JOHN A. CLARKE          Mary Flores Deputy
*(Fecha)*          Clerk, by          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Santander Consumer USA, Inc, an Illinois Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A PAGE 6

1  ALEXANDER B. TRUEBLOOD (Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone: (310) 443-4139
   Facsimile: (310) 943-2255
4
   BRANDON A. BLOCK (State Bar No. 215888)
5  LAW OFFICES OF BRANDON A. BLOCK, APC
   433 North Camden Drive, Suite 600
6  Beverly Hills, California 90210
   Telephone: (310) 887-1440
7  Facsimile: (310) 496-1420

8  Attorneys for Plaintiffs
   CHARMAINE SYLVERS and TYAVA WINBORNE, on behalf of themselves,
9  and all others similarly situated

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF LOS ANGELES

12

13  CHARMAIN SYLVERS and TYAVA           CASE NO.   BC 49 7 2 2 2
    WINBORNE, on behalf of themselves, and all
14  others similarly situated,           CLASS ACTION

15              Plaintiffs,              COMPLAINT FOR: (1) VIOLATIONS
                                         OF THE REES-LEVERING
16       vs.                             AUTOMOBILE SALES FINANCE ACT;
                                         (2) CONVERSION; (3) VIOLATIONS OF
17  SANTANDER CONSUMER USA, INC., an     THE ROSENTHAL FAIR DEBT
    Illinois corporation; and DOES 1 through 20,  COLLECTION PRACTICES ACT;
18  inclusive,                           (4) DECLARATORY RELIEF;
                                         (5) VIOLATIONS OF CALIFORNIA'S
19              Defendants.              CONSUMER CREDIT REPORTING
                                         AGENCIES ACT; AND (6) VIOLATIONS
20                                       OF CALIFORNIA'S UNFAIR
                                         COMPETITION LAW
21
                                         JURY TRIAL DEMANDED
22

23

24

25

26

27

28

                         CLASS ACTION COMPLAINT

EXHIBIT A PAGE 7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 12 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Mary Flores

1  Plaintiffs Charmaine Sylvers and Tyava Winborne, on behalf of themselves, and all other
2  California citizens similarly situated, hereby complain against defendants Santander Consumer
3  USA, Inc. ("Santander") and Does 1 through 20, inclusive, as follows:

**PRELIMINARY STATEMENT**

5      1.      Plaintiffs bring this class and representative action under the Rees-Levering
6  Automobile Sales Finance Act, Cal. Civ. Code §§ 2981, et seq. ( "Rees-Levering Act"),
7  California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"), and other
8  laws, to challenge the unlawful, unfair and deceptive practices of defendants following
9  repossession or surrender of motor vehicles from California consumers. As more fully alleged
10  herein, defendant Santander fails to provide borrowers under conditional sales contracts with
11  statutorily-mandated notice of their legal rights and obligations after vehicles are repossessed or
12  voluntarily surrendered; Santander wrongfully denies borrowers the right to reinstate their
13  contracts; Santander negligently and/or fraudulently misrepresents the rights and obligations of the
14  parties after vehicles are repossessed or voluntarily surrendered; Santander and its agents collect or
15  seek to collect deficiencies from borrowers following repossession or surrender of vehicles for
16  which borrowers are not liable as a matter of law; and defendants unlawfully and falsely report
17  borrowers' deficiency balances to credit reporting agencies as past due debts when, in fact, they are
18  not. Plaintiffs seek appropriate relief for the proposed class, as wells as recovery of their attorney's
19  fees, costs and expenses incurred in the investigation, filing and prosecution of this action.

**PARTIES**

21      2.      Plaintiff Charmaine Sylvers is an individual over the age of 18 years of age. Plaintiff
22  Sylvers is a citizen of the State of California and a resident of the County of Los Angeles.
23      3.      Plaintiff Tyava Winborne is an individual over the age of 18 years of age. Plaintiff
24  Winborne is a citizen of the State of California and a resident of the County of Los Angeles.
25      4.      Defendant Santander Consumer USA, Inc. is an Illinois corporation with its
26  principal place of business in Fort Worth, Texas. Santander is engaged in the business of providing
27  financing to purchasers of motor vehicles under conditional sales contracts and/or servicing such
28  contracts. Santander does regular and continuous business in California.

1

CLASS ACTION COMPLAINT



EXHIBIT A  PAGE 8

5.      Plaintiffs do not know the true names, identities, and capacities of the defendants sued herein as Does 1 through 20, inclusive, and therefore sues those defendants by fictitious names. Plaintiffs will amend this complaint to allege the true names, identities and capacities of defendants sued herein as Does 1 through 20, inclusive, when plaintiffs discover such information.

6.      At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiffs and members of the proposed class.

## VENUE

7.      Venue is appropriate in Los Angeles County because plaintiffs' purchased the subject vehicle in Los Angeles County. In addition, Santander has not designated an executive office in California with the Secretary of State, and may therefore be sued in any county.

## OPERATIVE FACTS

### The Purchase, Repossession And Sale of Plaintiff's Vehicle

8.      In June 2010, plaintiffs purchased and financed a used 2003 Infiniti FX primarily for personal, household and family purposes, from a car dealership in Inglewood, California, under a conditional sales contract as defined and regulated by the Rees-Levering Act. The dealership assigned the contract to Santander.

9.      On or about September 6, 2012, Santander repossessed plaintiffs' vehicle based on an alleged payment default under their conditional sale contract.

10.      On or about September 7, 2012, Santander issued a Notice of Intention to Dispose of Motor Vehicle (hereinafter, "Statutory Notice") to plaintiffs, a true and correct copy of which is attached hereto as Exhibit 1.

11.      On or about September 12, 2012, plaintiffs' car was transported to an auction company.

12.      On or about October 17, 2012, Santander caused plaintiffs' car to be sold at auction.

13.      On or about October 18, 2012, Santander issued plaintiffs a notice informing them that the proceeds of the sale of their vehicle were insufficient to pay off the balance due under their

EXHIBIT A   PAGE 9

1   contract, and that Santander was assessing a deficiency balance against plaintiffs in the amount of

2   $11,277.39, which Santander demanded plaintiffs pay in full.

3                               **Santander's Defective Statutory Notice**

4        14.    The Rees-Levering Act provides a detailed framework that governs conditional sale

5   contracts for motor vehicles. In order to protect consumers' valuable property interests in financed

6   vehicles and afford buyers a full opportunity to make an informed decision as to whether to

7   exercise their statutory right to redemption or reinstatement, the Rees-Levering Act imposes

8   mandatory and strict requirements upon holders of conditional sale contracts, such as Santander,

9   following repossession or voluntary surrender of vehicles.

10       15.    In particular, the Rees-Levering Act requires the seller or holder of a contract to

11  issue a detailed written notice of intention to dispose of a vehicle (i.e., a Statutory Notice) to a

12  buyer following repossession or surrender of his or her vehicle. Civil Code § 2983.2 specifies the

13  precise information and disclosures that must be included in the Statutory Notice in order to

14  comply with the law. Section 2983.2 provides, in pertinent part, as follows:

15       (a) Except where the motor vehicle has been seized as described in
         paragraph (6) of subdivision (b) of Section 2983.3, any provision in
16       any conditional sale contract for the sale of a motor vehicle to the
         contrary notwithstanding, at least 15 days' written notice of intent to
17       dispose of a repossessed or surrendered motor vehicle shall be given
         to all persons liable on the contract... Except as otherwise provided
18       in Section 2983.8, those persons shall be liable for any deficiency
         after disposition of the repossessed or surrendered motor vehicle only
19       if the notice prescribed by this section is given within 60 days of
         repossession or surrender and does all of the following:
20
         (1) Sets forth that those persons shall have a right to redeem
21       the motor vehicle by paying in full the indebtedness evidenced by the
         contract until the expiration of 15 days from the date of giving or
22       mailing the notice and provides an itemization of the contract balance
         and of any delinquency, collection or repossession costs and fees and
23       sets forth the computation or estimate of the amount of any credit for
         unearned finance charges or canceled insurance as of the date of the
24       notice.
25
         (2) States either that there is a conditional right to reinstate
26       the contract until the expiration of 15 days from the date of giving or
         mailing the notice and all the conditions precedent thereto or that
27       there is no right of reinstatement and provides a statement of reasons
         therefor.
28

                                               3
                               **CLASS ACTION COMPLAINT**

EXHIBIT A    PAGE 10

**(3)** States that, upon written request, the seller or holder shall extend for an additional 10 days the redemption period or, if entitled to the conditional right of reinstatement, both the redemption and reinstatement periods. The seller or holder shall provide the proper form for applying for the extensions with the substance of the form being limited to the extension request, spaces for the requesting party to sign and date the form, and instructions that it must be personally served or sent by certified or registered mail, return receipt requested, to a person or office and address designated by the seller or holder and received before the expiration of the initial redemption and reinstatement periods.

**(4)** Discloses the place at which the motor vehicle will be returned to those persons upon redemption or reinstatement.

**(5)** Designates the name and address of the person or office to whom payment shall be made.

Cal. Civ. Code §§ 2983.2(a)(1)–(a)(5).

16.     Absent strict compliance with the mandatory requirements for the Statutory Notice, a seller or holder of a conditional sale contract may not lawfully collect a deficiency from any person liable under a contract following disposition of a repossessed or surrendered vehicle. As set forth above, the Rees-Levering Act specifically provides that those persons "shall be liable for any deficiency only if the notice prescribed" contains "all" of the disclosures mandated by the statute. Cal. Civ. Code § 2983.2(a). The Rees-Levering Act further specifies that no seller or holder may obtain a deficiency judgment, and "no deficiency judgment shall lie in any event," against a person otherwise liable under a conditional sale contract after the repossession or surrender and disposition of a vehicle unless a court has determined, upon the affidavit of the seller or holder, or a hearing if the court so requires, that the sale or other disposition was in conformity with the provisions of the Rees-Levering Act. Id. § 2983.8.

17.     The Statutory Notice that Santander issued to plaintiffs was defective and violated Civil Code §§ 2983.2(a)(1) through (a)(6) in the following ways:

a.     In violation of Civil Code § 2983.2(a)(2) and (a)(5), the Statutory Notice failed to disclose that in order to reinstate, plaintiffs would have to pay Santander a monthly installment payment(s) coming due during the reinstatement period, and the amount of the installment payment(s), the date the payment(s) were to come due, the amount of interest or late

4

CLASS ACTION COMPLAINT

1    charges thereon, and when late charges would accrue. The Statutory Notice stated that $0.00 in

2    payments and late charges were to come due during the reinstatement period, but Santander

3    verbally informed plaintiff Sylvers that in order for plaintiffs to reinstate their contract, plaintiffs

4    would have to pay Santander the monthly payment that came due during the reinstatement period

5    and a late charge on the payment.

6         b.    In violation of Civil Code §§ 2983.2(a)(1), (a)(2) and (a)(5), the Statutory

7    Notice stated that plaintiffs were required to make a payment to a third party storage facility in

8    order to reinstate their contract or redeem their vehicle, but the Statutory Notice failed to state the

9    amount to be paid or the name of the person or office to whom payment should be made.

10        c.    In violation of Civil Code § 2983.2(a)(1) and (a)(2), the Statutory Notice

11   failed to separately itemize all repossession fees and charges, because it disclosed a combined

12   "Storage/Admin. Fee" of $150 payable to Santander, without separating the amount of the storage

13   fees from the amount of the "admin" fees.  Plaintiff is also informed and believes that Santander

14   did not actually incur any "storage" fee in connection with the repossession of Plaintiffs' vehicle,

15   and paying this amount was not an allowed condition of reinstatement under the Rees-Levering

16   Act.

17        d.    In violation of Civil Code § 2983.2(a)(3), the Statutory Notice did not

18   include the "proper form" for requesting an extension of the reinstatement and redemption periods

19   because it was not limited to the extension request, spaces for the requesting party to sign and date

20   the form, and instructions for delivery to a person or office and address designated by Santander.

21   The form in the Statutory Notice improperly required the requesting party to fill in a name and

22   address for delivery of the form, the requesting party's name and plaintiffs' account number, and

23   the form did not provide a person or office and address to whom the form should be sent.

24        e.    In violation of Civil Code § 2983.2(a)(4), the Statutory Notice did not

25   disclose the place at which plaintiffs' vehicle would be returned upon redemption or reinstatement,

26   since the space for the place of return was left blank in the Statutory Notice.

27        f.    In violation of Civil Code §§ 2983.2(a)(1), (a)(2), and (a)(5), the Statutory

28   Notice falsely stated that, "if applicable," plaintiffs would have to pay a repossession fee of $15 to

EXHIBIT A   PAGE 12

1   the agency where the report of repossession was filed before the vehicle could be released. The $15

2   fee, however, is always "applicable," as it is required by law whenever a vehicle is repossessed or

3   voluntarily surrendered, and proof of payment must be provided to the party holding any

4   repossessed or surrendered vehicle before that party may release it. See Cal. Gov. Code § 26751.

5           g.      In violation of Civil Code §§ 2983.2(a)(1), (a)(2) and (a)(5), the Statutory

6   Notice failed to disclose multiple repossession fees and charges payable by the borrower to the auto

7   auction upon redeeming or reinstating, if the borrower reinstated or redeemed after the auction had

8   taken possession of the vehicle. Those fees and charges included, but are not limited to, storage

9   fees, transportation fees, reconditioning fees, an administrative sale fee, DMV printout fee,

10  mechanical work charges, and a general administration fee. The Statutory Notice also failed to

11  disclose the payment address for the auto auction(s).

12          18.     As a result of Santander's failure to comply with the Rees-Levering Act, Santander

13  deprived plaintiffs of their right to reinstate the contract, and it may not lawfully seek or collect any

14  deficiency balance from plaintiffs. Santander nevertheless sent plaintiffs a letter demanding

15  payment of the unlawful deficiency balance. Santander and its agents thereafter have continued to

16  unlawfully and falsely represent that plaintiffs owe a deficiency balance of $11,277.39, when in

17  fact they do not because of Santander's noncompliance with the Rees-Levering Act.

18          19.     Plaintiffs are informed and believe and based thereon allege that defendants have

19  falsely reported plaintiffs' alleged deficiency balance to credit reporting agencies as a past due

20  debt, even though defendants knew or should have known that collection of any such deficiency

21  balance is unlawful.

22          20.     Plaintiffs have suffered injury-in-fact, and they have lost money and/or property as a

23  result of Santander's unlawful, unfair and fraudulent acts and practices challenged herein. Because

24  of Santander's false Statutory Notice and its insufficient disclosures, plaintiffs lost their vehicle and

25  the equity in that vehicle. Moreover, as a result of Santander's unlawful collection efforts on the

26  deficiency balance, plaintiffs each paid $25.00 to Santander on the alleged deficiency balance and

27  they incurred postage charges in order to make the payment.

28

CLASS ACTION COMPLAINT

EXHIBIT A PAGE 13

## CLASS ACTION ALLEGATIONS

1   21.    The defective and improper Statutory Notice Santander issued to plaintiffs purportedly pursuant to Civil Code § 2983.2, which deprived them of statutorily-mandated notice, is a standard notice sent by Santander as a practice and procedure common to all persons who are liable under conditional sale contracts and whose vehicles are repossessed or voluntarily surrendered. Plaintiffs are informed and believe and based thereon allege that Santander routinely violates the provisions of Civil Code § 2983.2(a) in its form Statutory Notices.

22.    Defendants and/or their agents routinely misrepresent to other California buyers that they are liable for deficiency balances remaining after disposition of their repossessed or surrendered vehicles, when, in fact, defendants knew or should have known said buyers were not liable for said deficiencies, or any part of them. Defendants regularly have collected deficiency balances from buyers in violation of the Rees-Levering Act, which prohibits defendants from collecting such deficiency balances by virtue of their defective form Statutory Notices. Cal. Civ. Code § 2983.2(a).

23.    Defendants and/or their agents regularly have sought and obtained deficiency judgments against buyers in various courts of law throughout California in violation of the Rees-Levering Act, which prohibits defendants from obtaining any deficiency judgment by virtue of their defective form Statutory Notices. Cal. Civ. Code § 2983.8. Plaintiffs are informed and believe and based thereon allege that defendants, while knowing that their Statutory Notices were defective, still obtained and continue to obtain such judgments as a routine business practice by filing lawsuits against buyers, and by submitting false and/or misleading affidavits in such lawsuits which represent that defendants have fully complied with the Rees-Levering Act.

24.    Plaintiffs are informed and believe and based thereon allege that defendants and/or their agents regularly have reported or communicated to consumer credit reporting organizations that purported deficiencies following disposition of vehicles pursuant to the unlawful practices described herein are valid debts when, in fact, buyers are not liable for said deficiencies as a matter of law. At all relevant times, defendants have had actual and constructive knowledge that such persons are not liable for said deficiencies.

CLASS ACTION COMPLAINT

EXHIBIT A  PAGE 14

25.     Plaintiffs are informed and believe and based thereon allege that defendants continue to issue the defective and improper form Statutory Notices discussed herein to California buyers following repossession or surrender of their vehicles as a regular and uniform business practice. Plaintiffs are informed and believe and based thereon allege that defendants continue to routinely engage in all of the unlawful, unfair and fraudulent business practices discussed herein against California buyers following disposition of their repossessed or surrendered vehicles.

26.     Pursuant to California Code of Civil Procedure § 382, plaintiffs brings this class action on behalf of themselves and all other persons similarly situated. Plaintiffs bring this action in a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

27.     The proposed class is comprised of all California citizens who purchased a motor vehicle in California pursuant to a conditional sale contract, who on or after July 1, 2011 were issued a Statutory Notice by Santander, and who were assessed a deficiency balance.

28.     Plaintiffs are unable to state the precise number of potential members of the class because that information is in the possession of defendants. The class consists of at least hundreds of members, and is so numerous that joinder of all members would be impracticable. The exact sizes of the class, and the identities of the members thereof, will be readily ascertainable from defendants' business records.

29.     There is a community of interest among the members of the class in that there are questions of law and fact common to the class that predominate over questions affecting only individual members. Proof of a common set of facts will establish the liability of defendants, and the right of each member of the class to recover.

30.     The common questions which predominate include, inter alia, whether defendants failed to provide to individuals whose motor vehicles were repossessed or voluntarily surrendered a Statutory Notice containing all of the disclosures required by the Rees-Levering Act; whether defendants committed conversion by failing to properly disclose to members of the class their right to reinstate in the Statutory Notices; whether defendants collected, or have attempted to collect, deficiency balances from members of the class that they had no legal right to obtain or attempt to

8

CLASS ACTION COMPLAINT

1   collect; whether defendants negligently and/or fraudulently misrepresented to members of the class

2   that they were liable for deficiency balances when there was no obligation to pay such amounts,

3   and whether defendants falsely reported deficiencies as valid debts to credit reporting

4   organizations.

5          31.     Plaintiffs' claims are typical of those of the class, and they will fairly and adequately

6   represent the interests of the class.

7          32.     Plaintiffs are represented by counsel competent and experienced in both consumer

8   protection and class action litigation.

9          33.     A class action is superior to other methods for the fair and efficient adjudication of

10  this controversy. Because the damages suffered by the individual members of the class may be

11  relatively small compared to the expense and burden of litigation, it would be impracticable and

12  economically unfeasible for members of the class to seek redress individually. The prosecution of

13  separate actions by the individual members of the class, even if possible, would create a risk of

14  inconsistent or varying adjudications with respect to individual members of the class against

15  defendants, and would establish incompatible standards of conduct.

16         34.     All members of the class are citizens of California.

17         35.     The claims asserted by plaintiffs will be governed by the laws of the State of

18  California, and the injuries to the members of the class resulting from defendants' conduct were

19  incurred in California.

20                          **FIRST CAUSE OF ACTION**

21  **(By Plaintiffs And The Class Against All Defendants for Violations of the Rees-Levering Act)**

22         36.     Plaintiffs reallege and incorporate herein by reference the allegations of each and

23  every paragraph above.

24         37.     As alleged herein, the Rees-Levering Act regulates automobile sale and financing

25  transactions for motor vehicles purchased primarily for personal or family purposes. The

26  conditional sale contract entered into by plaintiffs is subject to and governed by the provisions of

27  the Rees-Levering Act. Defendants are or were a "seller" or "holder" of said contracts as those

28  terms are used in the statute.

EXHIBIT A  PAGE 16

1      38.    Defendants have engaged and are engaged in ongoing material violations of the

2   Rees-Levering Act in that the Statutory Notices provided to plaintiffs and members of the class,

3   ostensibly pursuant to Civil Code § 2983.2, did not contain the disclosures and information

4   required by Civil Code § 2983.2. Defendants thus deprived plaintiffs and members of the class of

5   substantial rights granted them under the Rees-Levering Act, including the right to make an

6   informed decision about whether to reinstate their contracts. Plaintiffs and members of the class are

7   not liable, under the explicit terms of §§ 2983.2(a) and 2983.8 of the Rees-Levering Act, for any

8   deficiency following the disposition of their repossessed motor vehicles. Nevertheless, without any

9   legal right to do so, defendants maintain that plaintiffs and members of the class owe them for

10  deficiency balances.

11     39.    Defendants have engaged and are engaged in ongoing material violations of the

12  Rees-Levering Act in that defendants improperly denied plaintiffs and members of the class of their

13  right to reinstate their contracts, in violation of Civil Code § 2983.2(a).

14     40.    As a direct and proximate result of the acts hereinabove alleged and defendants'

15  ongoing unlawful conduct, plaintiffs and members of the class have been damaged in an amount to

16  be proven at trial.

17     41.    Plaintiffs seek recovery of their attorney's fees, costs and expenses incurred in the

18  filing and prosecution of this action.

19     WHEREFORE, plaintiffs pray for relief as set forth below.

20         **SECOND CAUSE OF ACTION**

21      **(By Plaintiffs And The Class Against All Defendants for Conversion)**

22     42.    Plaintiffs reallege and incorporate herein by reference the allegations of each and

23  every paragraph above.

24     43.    Plaintiffs and members of the class were entitled to immediate possession of their

25  vehicles by paying their past due payments plus repossession costs to defendants, pursuant to their

26  rights under the Rees-Levering Act.

27     44.    After repossession or surrender of vehicles, defendants wrongfully deprived

28  plaintiffs and the members of the class of possession of their vehicles by inhibiting their right to

**CLASS ACTION COMPLAINT**

EXHIBIT A   PAGE 17

1  reinstate the conditional sales contracts in violation of Civil Code § 2983.2(a). Defendants' form

2  Statutory Notices failed to provide plaintiffs and members of the class with sufficient information

3  regarding all of the conditions necessary for reinstatement of their contracts with defendants.

4      45.    Plaintiffs and members of the class were entitled to immediate possession the money

5  they paid defendants on their non-existent deficiency balances, to which defendants had no right or

6  entitlement. Defendants wrongfully deprived plaintiffs and members of the class of these monies.

7  After learning through various sources, including from the decision of Juarez v. Arcadia Financial

8  Ltd., 152 Cal.App.4th 889 (2007), and other lawsuits against defendants, that the deficiency

9  balances they were collecting were unlawful and not owed, defendants did nothing to change their

10  collection practices as to the affected accounts. Defendants still referred plaintiffs' account and

11  accounts of other members of the class to collection agencies, lawyers and/or in-house collectors,

12  continued to make unlawful demands for payment which were prohibited by the Rosenthal Fair

13  Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), and

14  continued to sue members of the class in court for the unlawful deficiency balances.

15      46.    Plaintiffs and members of the class have suffered and are entitled to recover

16  damages for defendants' conversion.

17      47.    Defendants acted with malice, oppression, and/or fraud towards plaintiffs and the

18  class, within the meaning of Civil Code § 3294, thereby entitling them to an award of punitive

19  damages. Defendants' corporate officers, directors, or managing agents are personally guilty of

20  oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted

21  towards plaintiffs, the class with malice, oppression, or fraud, employed such employees with

22  conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the

23  wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

24      WHEREFORE, plaintiffs pray for relief as set forth below.

25      **THIRD CAUSE OF ACTION**

26      **(By Plaintiffs And The Class Against All Defendants for Violations of the Rosenthal Act)**

27      48.    Plaintiffs reallege and incorporate herein by reference the allegations of each and

28  every paragraph above.

11

CLASS ACTION COMPLAINT

EXHIBIT A  PAGE 18

49.     The Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. Cal. Civ. Code § 1788.1(b). The Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Id. § 1788.1(a)(2).

50.     Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c). Defendants, regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of consumer debt. Santander had a nondelegable duty under the Rosenthal Act not to commit violations of the Act, and not to allow its collection agents to commit such violations, which duties Santander itself was prohibited from violating.

51.     The purported deficiency balances which defendants attempted to collect from plaintiffs and members of the class were "consumer debts" within the meaning of Civil Code § 1788.2(f). Plaintiffs and members of the class are "debtors" within the meaning of Civil Code § 1788.2(h) in that they are natural persons from whom defendants sought to collect a consumer debt alleged to be due and owing.

52.     Santander attempted to collect non-existent deficiency balances from plaintiffs and members of the class by among other things, conducting collections efforts in-house, making demands for payment, by assigning such accounts for collection to collection agencies, collection lawyers and the Doe defendants, and by selling said accounts to others, including the Doe defendants, for collection.

53.     Santander and its agents made false representations to plaintiffs and members of the class that they owed a debt, and the amount and legal status of the alleged debt, by sending demand letters to plaintiffs and members of the class, in which Santander and its agents stated that those persons owed deficiency balances to Santander, and which demanded payment on those non-existent deficiency balances. This was a violation of Civil Code § 1788.17 (through violation of 15 U.S.C. § 1692e, including § 1692e(2)).

54.     Defendants' violations of the Rosenthal Act were willful and knowing, thereby

1 | entitling plaintiffs and the class to statutory damages pursuant to Civil Code § 1788.17, which

2 | incorporates by reference the remedies of 15 U.S.C. § 1692k. The class is entitled to statutory

3 | damages of $500,000 or 1% of each defendant's net worth, whichever is less.

4 |      55.    Plaintiffs and members of the class are entitled to actual damages pursuant to Civil

5 | Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil

6 | Code § 1788.30(a). As to the violations associated with defendants' form letters to collect

7 | deficiency balances, plaintiffs and members of the class seek as actual damages only the amounts

8 | collected by defendants on the unlawful deficiency balances, plus interest, but not emotional

9 | distress or other types of economic damage.

10 |      56.    Plaintiffs and members of the class are entitled to attorney's fees and costs pursuant

11 | to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative,

12 | Civil Code § 1788.30(c).

13 |      WHEREFORE, plaintiffs pray for relief as set forth below.

14 | **FOURTH CAUSE OF ACTION**

15 | **(By Plaintiffs And The Class Against All Defendants for Declaratory Relief)**

16 |      57.    Plaintiffs reallege and incorporate herein by reference the allegations of each and

17 | every paragraph above.

18 |      58.    An actual controversy has arisen between plaintiffs and the members of the

19 | proposed class, on the one hand, and defendants on the other hand, as to their respective rights,

20 | remedies and obligations. Specifically, plaintiffs allege that the acts and practices of defendants as

21 | hereinabove alleged are unlawful, unfair, and fraudulent, and that plaintiffs and members of the

22 | class are therefore not liable for any deficiency balances following disposition of their repossessed

23 | motor vehicles, and are entitled to restitution for any and all amounts paid on such deficiencies, and

24 | any other such amounts of restitution or damages as the court may order.

25 |      59.    Plaintiffs further contend that defendants have been unjustly enriched at the expense

26 | and to the detriment of plaintiffs and members of the class by collecting monies to which they are

27 | not entitled and have wrongfully collected.

28 |      60.    Plaintiffs are informed and believe that defendants dispute all of plaintiffs'

13

CLASS ACTION COMPLAINT

EXHIBIT A  PAGE 20

1    contentions and contend to the contrary. Accordingly, plaintiffs seek a declaration as to the

2    respective rights, remedies, and obligations of the parties.

3          WHEREFORE, plaintiffs pray for relief as set forth below.

4                              **FIFTH CAUSE OF ACTION**

5                    **(By Plaintiffs And The Class Against All Defendants for**

6        **Violations of the Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a))**

7          61.    Plaintiffs reallege and incorporate herein by reference the allegations of all

8    paragraphs above.

9          62.    Plaintiffs are informed and believe that defendants reported falsely to the three

10   major consumer credit reporting agencies that plaintiffs and the class owed deficiency balances,

11   after being notified that plaintiffs and the class did not owe any such debt, due to defendants'

12   noncompliance with the Rees-Levering Act. After learning that the debts were not owed, plaintiffs

13   are informed and believe that defendants continued reporting to the credit reporting agencies that

14   plaintiffs and the class owed deficiency balances.

15         63.    Defendants thereby violated Civil Code § 1785.25(a) by furnishing information on a

16   specific transaction or experience to a consumer credit reporting agency when they knew or should

17   have known that such information was incomplete or inaccurate.

18         64.    Defendants are liable for said violations pursuant to Civil Code §§ 1785.25(g) and

19   1785.31.

20         65.    Plaintiffs have suffered actual damages as a result of defendants' unlawful acts.

21         66.    Defendants' violations of the Consumer Credit Reporting Agencies Act were

22   willful, entitling plaintiffs and the class to recover punitive damages in an amount determined by

23   the Court.

24         67.    Plaintiffs and the class have been aggrieved by defendants' violations described

25   herein, and seek injunctive relief commanding defendants to delete their credit reporting tradeline

26   from plaintiffs' and the class's credit reports, and to cease all future credit reporting as to the

27   subject accounts.

28         68.    Plaintiffs are entitled to an award of attorney's fees and costs pursuant to Civil Code

EXHIBIT A PAGE 21


1  § 1785.31(d).

2      WHEREFORE, plaintiffs pray for relief as set forth below.

3                    **SIXTH CAUSE OF ACTION**

4          **(By Plaintiffs And The Class Against All Defendants**

5        **for Violations of California's Unfair Competition Law)**

6      69.    Plaintiffs reallege and incorporate herein by reference the allegations of each and

7  every paragraph above.

8      70.    The UCL defines unfair competition to include any unlawful, unfair, or fraudulent

9  business act or practice. The UCL provides that a court may order injunctive relief and restitution

10  to affected members of the general public as remedies for any violations of the UCL.

11      71.    Beginning on an exact date unknown to plaintiffs, but at all times relevant herein,

12  defendants have committed acts of unfair competition proscribed by the UCL, including the

13  practices alleged herein. The acts of unfair competition include the following:

14          a.    Defendants violated the provisions of Civil Code § 2983.2(a) by failing to

15  send members of the class Statutory Notices in compliance with this section;

16          b.    Defendants negligently and/or fraudulently misrepresented orally and in

17  writing to members of the class that they are obligated to pay deficiency balances;

18          c.    Defendants actively concealed their unlawful activity from members of the

19  class;

20          d.    Defendants unlawfully, unfairly and/or fraudulently carried on their account

21  records deficiency balances of members of the class as amounts lawfully due and owing;

22          e.    Defendants unlawfully, unfairly and/or fraudulently reported to credit

23  reporting agencies the deficiency balances allegedly owed by members of the class as amounts

24  lawfully due and owing;

25          f.    Defendants unlawfully, unfairly and/or fraudulently collected deficiency

26  balances from members of the class;

27          g.    Defendants unlawfully, unfairly and/or fraudulently filed lawsuits against

28  members of the class in order to collect deficiency balances; and

EXHIBIT A PAGE 22

h.      Defendants unlawfully, unfairly and/or fraudulently misrepresented their compliance with the provisions of Civil Code § 2983.2 to courts throughout the State of California and concealed their violations of the law.

i.      Defendants violated the Rosenthal Act, at Civil Code § 1788.17, by sending form letters to members of the class demanding payment of unlawful deficiency balances, representing that those balances were legally owed, and/or by referring for collections to outside agencies the deficiency balances of members of the class.

j.      Defendants and their collection agents violated the Consumer Credit Reporting Agencies Act, at Civil Code § 1785.25(a), by knowingly and willfully reporting false information to the credit reporting agencies, i.e., that plaintiffs and the class owed defendants for deficiency balances, when they did not.

72.     The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rees-Levering Act, the Rosenthal Fair Debt Collection Practices Act, and constitute systematic breaches of contracts and constitute violations of the common law.

73.     The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to consumers.

74.     The business acts and practices of defendants, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

75.     The unlawful, unfair and fraudulent business acts and practices of defendants described herein present a continuing threat to plaintiffs, members of the general public and members of the class in that defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

76.     As a direct and proximate result of the acts and practices described herein,

16
CLASS ACTION COMPLAINT

EXHIBIT A PAGE 23

1 defendants have received and collected substantial monies or property from plaintiffs, and

2 members of the class, that they are not entitled to.

3   77. Pursuant to Business and Professions Code § 17203, plaintiffs seek an order

4 enjoining defendants from engaging in such acts and practices as hereinabove alleged, and

5 providing appropriate restitution, and disgorgement of illicit profits, to plaintiffs and members of

6 the class.

7   78. In addition, pursuant to Code of Civil Procedure § 1021.5, plaintiffs seek recovery

8 of attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

9   WHEREFORE, plaintiffs pray for relief as set forth below.

10       **PRAYER FOR RELIEF**

11   WHEREFORE, plaintiffs respectfully pray for relief, on behalf of themselves, the general

12 public and the class, as follows:

13   1. For an order certifying this case as a class action;

14   2. For an order finding and declaring that defendants' acts and practices as challenged

15 herein are unlawful, unfair and fraudulent;

16   3. For an order preliminarily and permanently enjoining defendants from engaging in

17 the practices challenged herein;

18   4. For an order of restitution and/or disgorgement in an amount to be determined at

19 trial;

20   5. For an order commanding defendants to delete their credit reporting tradeline from

21 plaintiff's and the class' credit reports, and to cease all future credit reporting as to the subject

22 accounts;

23   6. For an accounting;

24   7. For compensatory damages according to proof;

25   8. For statutory damages;

26   9. For exemplary damages;

27   10. For pre-judgment interest to the extent permitted by law;

28   11. For an award of attorney's fees, costs and expenses incurred in the investigation,

17

CLASS ACTION COMPLAINT

1 | filing and prosecution of this action under any applicable provision of law or contract; and

2 |     12.    For such other and further relief as the Court may deem just and proper.

3 | ### DEMAND FOR JURY TRIAL

4 | Plaintiffs and the class hereby demand a trial by jury under the United States Constitution.

5 | Dated: December 12, 2012

              LAW OFFICES OF BRANDON A. BLOCK
              A PROFESSIONAL CORPORATION

By: _____
    Brandon Block

Attorneys for Plaintiffs
CHARMAINE SYLVERS and TYAVA
WINBORNE, on behalf of themselves, the general
public, and all others in California similarly
situated

---

**18**
**CLASS ACTION COMPLAINT**

**Exhibit 1**



Santander Consumer USA
8585 N. Stemmons Frwy, #1100 N
Dallas, TX 75247
888-222-4227

## NOTICE OF INTENTION TO DISPOSE OF MOTOR VEHICLE

Date:  9/7/2012

Charmaine Sylvers                          Tyava Winborne

**VIA CERTIFIED MAIL**

Re:     Account No. ██████████████████
        Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 6/16/2010
        03 // INFINITI // FX      // VIN JNRAS08U53X102279

Dear Charmaine Sylvers:

### Notice of Our Plan to Sell Property

We have your Vehicle because you broke promises in our Agreement. We intend to dispose of the Vehicle as explained in this Notice subject to your right to get the Vehicle back (redeem, or reinstate, if applicable) as described in this Notice. [The checked box below applies to you.]

☒ **Private Sale:**  We will sell the Vehicle at private sale sometime after 9/30/2012. A sale could include a lease or license.

☐ **Public Sale:**  We will sell the Vehicle beginning on _____ by offering it for retail sale or lease to the general public through:

☐ **Dealer Name:** _____  **Dealer Address:** _____
You may inspect the Vehicle and encourage people to purchase or lease it.

☐    Advertising it for sale to the general public to be purchased from _____ at _____
You may inspect the Vehicle and encourage people to purchase it.

You have a right to request an extension of this time of 10 more days (see Right to Request an Extension of Time, below).

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else. You can get the Vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments) including our expenses.

If you need more information about the sale you may call us at the telephone number shown at the top of this Notice or write to us at the address shown at the top of this Notice.

© 2012 Santander Consumer USA Inc. // 8585 N. Stemmons Frwy, #1100 N, Dallas, TX 75247        CA - NOI-402
Page 1 of 450                                            <0?SACKTRSPDGER> <Rev. 111011>





Santander Consumer USA
8585 N. Stemmons Frwy, #1100 N
Dallas, TX 75247
888-222-4227

We are sending this Notice to each of the people who owe money under the Agreement, as shown at the top of this Notice, or people who have an interest in the Vehicle and who are not shown at the top of this Notice: Charmaine Sylvers; Tyava Winborne

### Reinstatement and Redemption

You are in default under the Agreement as follows (select applicable provision(s)):

- ☒ Failure to make payment(s) due under the Agreement.
- ☐ Failure to keep the Vehicle free from encumbrances and liens.
- ☐ Failure to keep and maintain insurance on the Vehicle.
- ☐ Failure to perform other obligations under the Agreement

[Describe]

### Right to Reinstate

☒ If checked, you have the right to reinstate the Agreement and get back the Vehicle. To reinstate, you must do the following (below) within 15 days of the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on this Agreement is outside of California). You have the right to request an extension of the time of 10 additional days. If you request an extension of time (see below), we will extend the time without further notice to you. Your cure of the default must be made to us at our address shown at the top of this Notice.

☒ Pay the Total Amount Now Due:

| | |
|---|---|
| Past due payments | $ 5,577.10 |
| Unpaid late fees | + $ 350.84 |
| Repossession expense | + $ 400.00 |
| Attorney's fees | + $ 0.00 |
| Legal expenses | + $ 0.00 |
| Storage/Admin Fee | + $ 150.00 |
| Total Amount Now Due= | $6,477.94 |

☐ Other action needed to cure default

[Describe]

To reinstate your contract, you must pay the following amounts in addition to the Total Amount Now Due, which will come due during the reinstatement period (and, if applicable, extension period):

| | |
|---|---|
| Payment(s) to come due: | $ 0.00 |
| Each late charge: | $ 0.00 |
| (If you do not make a payment to come due | |
| within the grace period, you will also be charged | |
| the late charge -- see your Agreement for details) | |

© 2012 SANTANDER CONSUMER USA INC. // 8585 N. Stemmons Frwy, #1100 N, Dallas, TX 75247
Page 2 of 450

CA - NOI-402
<OTRACKCNBUSBSD> <Rev. 111011>

EXHIBIT A PAGE 28



Santander Consumer USA
8585 N. Stemmons Frwy, #1100 N
Dallas, TX 75247
888-222-4227

Location of Storage:
Name/address: CA-68107 LOS ANGELES 2935 GILROY ST LOS ANGELES CA 90039

Fee charged by law enforcement, if applicable:                    $15.00
Name/address: LOS ANGELES POLICE DEPT 100 WEST 1ST STREET LOS ANGELES, CA 90012

Other: [describe]                          $ _____

The amount needed to reinstate the Agreement will include these amounts, as applicable.

## No Right to Reinstate

☐ If checked, you do not have the right to reinstate the Agreement because [insert statutory reason]

## Right to Redeem

You have the right to redeem (get back) the Vehicle at any time up until the date we sell the Vehicle, or the date we enter into a contract for its sale, by paying to us at our address shown at the top of this Notice the Total Outstanding Now Due as set forth below (not just the past due payments). This date will be at least 15 days from the date of this Notice (20 days if this Notice is mailed outside of California or the address of any of the persons liable on this Agreement are outside of California). You have the right to request an extension of the time of 10 additional days. If you request an extension of time (see below), we will extend the time without further notice to you.

| | |
|---|---|
| Contract balance | $ 16,377.62 |
| Accrued interest | + $ 1,136.93 |
| Unpaid late fees | + $ 350.84 |
| Other [describe] _____ | + $  0.00 |
| Repossession expense | + $ 400.00 |
| Attorney's fees | + $  0.00 |
| Legal expenses | + $  0.00 |
| Storage/Admin Fee | + $ 150.00 |
| Subtotal | = $ 18,415.39 |
| Less unearned finance charge | - $  0.00 |
| Less unearned insurance charge | - $  0.00 |
| Less other [describe] | $  0.00 |
| Total Outstanding Now Due | = $18,415.39 |

To redeem the vehicle, you must also pay the following amounts, in addition to the Total Outstanding Now Due; which will come due during the redemption period (and, if applicable, extension period). You may call us at the telephone number at the top of this notice to confirm the exact amount due on the date you redeem.

© 2012 SANTANDER CONSUMER USA INC. // 8585 N. Stemmons Frwy, #1100 N, Dallas, TX 75247          CA - NOI-402
Page 3 of 450                                                    <TRACKCHANGE> <Rev. 1:1001>



Santander Consumer USA
8585 N. Stemmons Frwy, #1100 N
Dallas, TX 75247
888-222-4227

Interest on the unpaid principal at the annual percentage rate of    0.00%

Location of Storage:
Name/address: CA-96107 LOS ANGELES 2935 GILROY ST LOS ANGELES CA 90039

Fee charged by law enforcement, if applicable:    $15.00
Name/address: LOS ANGELES POLICE DEPT 100 WEST 1ST STREET LOS ANGELES, CA 90012

Other: [describe] _____    $_____

### Location of Vehicle

If you have the right to reinstate and you reinstate the Agreement, or if you redeem the Vehicle it will be returned to you at:

_____

### Written Accounting

We will provide you with a written accounting following sale of the Vehicle. If there is a surplus, it will be paid to you within 45 days of the date of sale unless we are required by law to pay it to someone else. You may request another written accounting from Santander Consumer USA, Inc. at the address shown at the top of this Notice within one year of the date of the sale by delivering to us or mailing to us your written request by first class mail, postage prepaid, or certified mail, return receipt requested.

**NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UP DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

Upon disposition of the Vehicle, you will be liable for any deficiency balance plus interest at the contract rate, or at the legal rate of interest pursuant to California Civil Code Section 3289 if there is no contract rate of interest, from the date of disposition of the Vehicle to the date of entry of judgment.

Sincerely,

We may report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

Mark Mooney
VP, Loss Mitigation

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

© 2012 SANTANDER CONSUMER USA INC. // 8585 N. Stemmons Frwy, #1100 N, Dallas, TX 75247    CA - NOI-402
Page 4 of 450    <OTRACKINGNUMBER> <Rev. 111611>

EXHIBIT A PAGE 30

**Santander** CONSUMER

Santander Consumer USA
8585 N. Stemmons Frwy, #1100 N
Dallas, TX 75247
888-222-4227

-------------------------- <cut here> --------------------------

### Right to Request an Extension of Time

You (the borrower) must either personally serve this Request on us or send it to us by certified or registered mail, return receipt requested. In either case, to the address listed above. If we receive this Request within 15 days of the date of this Notice (20 days if this Notice is mailed outside of California) or the address of any of the persons liable on this contract is outside of California), we will extend the time to reinstate the contract, if you have that right, or to redeem the vehicle, for 10 days.

To: _____

_____

Your Name _____     Account No. _____

Signature _____     Date _____

© 2012 Santander Consumer USA Inc. // 8585 N. Stemmons Frwy, #1100 N, Dallas, TX 75247
Page 5 of 450
CA - NOI-402
<DTRACKINGNOSED> <Rev. 11511>

EXHIBIT A PAGE 31

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brandon A. Block (SBN 215888)<br>LAW OFFICES OF BRANDON A. BLOCK, APC<br>433 North Camden Drive, Suite 600<br>Beverly Hills, CA 90210<br>TELEPHONE NO.: 310.887.1440   FAX NO.: 310.496.1420<br>ATTORNEY FOR (Name): Plaintiffs CHARMAIN SYLVERS and TYAVA WINBORNE | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>DEC 12 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: SYLVERS, et al. v. SANTANDER CONSUMER USA, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 49 7 2 2 2<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☒ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence   f. ☒ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action (specify): Six
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: December 12, 2012
Brandon A. Block
_____          ►_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A PAGE 32



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability (*not asbestos or
  toxic/environmental*) (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   (*not medical or legal*)
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36) Other
  Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
   Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
   domain, landlord/tenant, or
   foreclosure*)
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment (*non-
   domestic relations*)
  Sister State Judgment
  Administrative Agency Award
   (*not unpaid taxes*)
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
   harassment*)
  Mechanics Lien
  Other Commercial Complaint
   Case (*non-tort/non-complex*)
  Other Civil Complaint
   (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

### CIVIL CASE COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A   PAGE 33



| SHORT TITLE:<br>SYLVERS, et al. v. SANTANDER CONSUMER USA, INC. | CASE NUMBER<br>BC 49 7 2 2 2 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☒ YES   LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL   10   ☐ HOURS/ ☒ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

American LegalNet, Inc.
www.FormsWorkflow.com


EXHIBIT A   PAGE 34

| SHORT TITLE: SYLVERS, et al. v. SANTANDER CONSUMER USA, INC. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4



American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A PAGE 35

| SHORT TITLE: SYLVERS, et al. v. SANTANDER CONSUMER USA, INC. | CASE NUMBER | |
|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☒ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**



American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT A   PAGE 36

| SHORT TITLE:<br>SYLVERS, et al. v. SANTANDER CONSUMER USA, INC. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or any other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS:<br>2121 Whitley Avenue |
|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90068 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __December 12, 2012__

(SIGNATURE OF ATTORNEY/FILING PARTY)
Brandon A. Block, Attorney for Plaintiffs

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4



American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT A   PAGE 37

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

BC 49 7222

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk



EXHIBIT A   PAGE 38

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

EXHIBIT A   PAGE 39

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

### Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

**These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.**

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

### INFORMATION ABOUT
### ALTERNATIVE DISPUTE RESOLUTION

EXHIBIT A PAGE 40

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
    Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ **Mediation**

☐ **Non-Binding Arbitration**

☐ **Binding Arbitration**

☐ **Early Neutral Evaluation**

☐ **Settlement Conference**

☐ **Other ADR Process (describe):**

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

## STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

EXHIBIT A PAGE 41

| Short Title | | Case Number |
|---|---|---|
| | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

EXHIBIT A PAGE 42

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT A PAGE 43

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| LACIV 229 (new)<br>LASC Approved 04/11 | **STIPULATION – EARLY ORGANIZATIONAL MEETING** | Page 1 of 2 |
|---|---|---|



EXHIBIT A PAGE 44

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
          (INSERT DATE)                     (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ▶  _____
     (TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)
Date:

_____     ▶  _____
     (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)
Date:

_____     ▶  _____
     (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)
Date:

_____     ▶  _____
     (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)
Date:

_____     ▶  _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR _____)
Date:

_____     ▶  _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR _____)
Date:

_____     ▶  _____
     (TYPE OR PRINT NAME)          (ATTORNEY FOR _____)

EXHIBIT A   PAGE 45

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11   **STIPULATION – DISCOVERY RESOLUTION**   Page 1 of 3

EXHIBIT A PAGE 46


| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXHIBIT A  PAGE 47

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

EXHIBIT A PAGE 48

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A  PAGE 49

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.


EXHIBIT A PAGE 50

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____  >  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

_____  >  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____  >  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____  >  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____  >  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____  >  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____  >  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: _____        _____
                                                              JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 2 of 2

EXHIBIT A  PAGE 51



# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On January 11, 2013 I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**

☐ by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by emailing the document(s) listed above to the person(s) at the address(es) set forth below.

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on January 11, 2013, at Los Angeles, California.

_Patty Keen_
Patty Keen

1

2

**SERVICE LIST**

3    Alexander B. Trueblood

4    **TRUEBLOOK LAW FIRM**
     **10940 Wilshire Boulevard, Suite 1600**
5    **Los Angeles, California 90024**
     **Telephone: (310) 443-4139**
6    **Facsimile:   (310) 943-2255**
7    **ATTORNEYS FOR PLAINTIFFS, on behalf of themselves, and all others**
     **similarly situated**
8

9    Brandon A. Block

10   **LAW OFFICES OF BRANDON A. BLOCK, APC**
     **433 North Camden Drive, Suite 600**
11   **Beverly Hills, California 90210**
     **Telephone:  (310) 887-1440**
12   **Facsimile:   (310) 496-1420**
13   **ATTORNEYS FOR PLAINTIFFS, on behalf of themselves, and all others**
     **similarly situated**
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071.  On January 15, 2013 I served the following document(s) by the method indicated below:

**DEFENDANT SANTANDER CONSUMER USA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

| | |
|---|---|
| ☐ | by transmitting via facsimile on this date from fax number (213) 457 8080 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 PM  and was reported complete and without error.  The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine.  Service by fax was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct 2003(3). |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
| ☐ | by personally delivering the document(s) listed above to the person(s) listed below |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service. |
| ☐ | by transmitting via email to the parties at the email addresses listed below: |

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 15, 2013, at Los Angeles, California.

_Patty Keen_
Patty Keen

1

2

# SERVICE LIST

3    Alexander B. Trueblood

4    **TRUEBLOOK LAW FIRM**

5    **10940 Wilshire Boulevard, Suite 1600**
    **Los Angeles, California 90024**

6    **Telephone: (310) 443-4139**
    **Facsimile:  (310) 943-2255**

7    **ATTORNEYS FOR PLAINTIFFS, on behalf of themselves, and all others**

8    **similarly situated**

9    Brandon A. Block

10    **LAW OFFICES OF BRANDON A. BLOCK, APC**

11    **433 North Camden Drive, Suite 600**
    **Beverly Hills, California 90210**

12    **Telephone:  (310) 887-1440**
    **Facsimile:   (310) 496-1420**

13    **ATTORNEYS FOR PLAINTIFFS, on behalf of themselves, and all others**

14    **similarly situated**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware